# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

WILLIAM LILLIEFORS,

    Debtor.

Case No.  07-12199-RGM
(Chapter 7)

## MEMORANDUM OPINION

    This case concerns the requirements under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 that an individual obtain credit counseling prior to filing a petition in bankruptcy and file a certificate from the credit counseling agency certifying this fact. Bankruptcy Code §§109(h)(1) and 521(b)(1). In this chapter 7 asset case, the debtor stated under oath that he completed the credit counseling requirement and would file the credit counseling certificate; however, he did not file the certificate and did not appear at the first meeting of creditors. Local Interim Procedure 1007-1(J)(4) requires the clerk to dismiss the case if the debtor fails to file a certificate of credit counseling within three business days after filing the petition. Because there are assets available for distribution to creditors, both the chapter 7 trustee and the United States Trustee filed motions to prevent this case from being dismissed.

## Background

    William Lilliefors filed a voluntary petition under chapter 7. The petition included Exhibit D, "Individual Debtor's Statement of Compliance with Credit Counseling Requirement," in which the debtor certified under penalty of perjury that he obtained credit counseling within 180 days preceding the filing of his bankruptcy case. Exhibit D did not include a copy of the credit

1

counseling certificate. The clerk issued a Notice to Cure Credit Counseling Certification Deficiency with which the debtor has not complied. Under Interim Procedure 1007-1(J)(4), the clerk is directed to dismiss the case.

Shortly before the debtor filed his petition, a bank completed a foreclosure sale of the debtor's real property. There is a surplus of $60,000 from the sale after payment of all liens which will provide a significant distribution to unsecured creditors if the case is not dismissed. The sale proceeds are likely the only assets of the estate. Dismissal of this case would result in the surplus being turned over to the debtor. Both the United States Trustee and the chapter 7 trustee filed motions to prevent the dismissal of the case.

## Discussion

The threshold issue is whether Lilliefors is eligible to be a debtor under Bankruptcy Code §109(h)(1). Section 109(h)(1) requires every debtor to complete a credit counseling course within 180 days before he files a petition in bankruptcy. If he fails to do so, the case will be dismissed. *See In re Allen*, 2005 WL 4862559 (Bankr.E.D.Va. Nov. 11, 2005). Here, the debtor certified under penalty of perjury that he completed the course required under §109(h)(1) but did not file the required certificate. Debtors in other cases have attempted to use their own non-compliance strategically in order to have their cases dismissed when further proceedings were not to their benefit. *See, e.g.*, *In re Parker,* 351 B.R. 790 (Bankr.N.D.Ga. 2006); *In re Warren*, 2007 WL 1079943 (Bankr.N.D.Cal. Apr. 9, 2007); *In re Winters,* 2007 WL 628078 (Bankr.N.D.Cal. Feb. 26, 2007). In those cases, the debtor's attempts were properly thwarted by the application of judicial estoppel.

Judicial estoppel prevents a litigant from taking inconsistent legal positions before the court. Its purpose is to protect the integrity of the judicial process. *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982). In deciding whether to apply judicial estoppel, courts should consider whether a party's later position is inconsistent with an earlier position and whether such an inconsistent position would "impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 751, 121 S. Ct. 1808, 1815, 149 L.E.2d 968 (2001). There being no fixed formula to apply, the court has flexibility in assessing these factors and determining whom the equities favor. *Id.*

In this case, the debtor is judicially estopped from benefiting by obtaining dismissal of his case for non-compliance with §109(h)(1). The debtor's certification under penalty of perjury that he completed credit counseling within 180 days before filing his bankruptcy petition, a requirement to commence his case, is adequate, unless challenged, to satisfy the credit counseling requirement. He may not now disavow that statement because creditors will be prejudiced if the case is dismissed. There are significant assets that will be distributed to creditors and there is no assurance that the creditors will be paid if the case is dismissed. Congress enacted §109(h)(1) to prevent abuse and protect debtors from improvidently filing bankruptcy. It did not intend to create another avenue of abuse. These are the same circumstances led the bankruptcy court in *In re Parker*, 351 B.R. 790, 798-99 (Bankr.N.D.Ga. 2006), to hold that the debtor would unfairly benefit from dismissing his case based on ineligibility to be a debtor under § 109(h)(1) if not judicially estopped. It stated that "[a]llowing debtor to change his position would make a mockery of the bankruptcy process – the precise situation that the application of judicial estoppel guards against." *Id.* at 799; *see also Warren*, *supra* (applying judicial estoppel under similar facts); *In re Withers*, 2007 WL 628078, *3

(Bankr. N.D. Cal. Feb. 26, 2007) (same). The debtor cannot be permitted to commence this bankruptcy case based on his own sworn statement that he completed credit counseling only to silently seek dismissal by failing to file the certificate verifying his compliance. He is bound by his own statement.

The second issue is whether this case must be dismissed because the debtor has not filed a certificate of credit counseling as required by § 521(b)(1) that verifies that he satisfied the credit counseling requirement. Because the debtor is judicially estopped from denying that he completed the requisite credit counseling, it is not necessary that a credit counseling certificate be filed. The debtor is deemed to have satisfied the credit counseling requirement without further documentation. *Cf. Parker*, 351 B.R. at 799-802 (excusing debtor from filing pay advices under § 521(a)(1) in order to prevent mandatory dismissal); *Withers*, 2007 WL 628078 at *4 (same).

The chapter 7 trustee's and the United States Trustee's motions will be granted and the case will not be dismissed

Alexandria, Virginia
October 3, 2007

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

James W. Reynolds
Jack Frankel

Copy mailed to:

William Lilliefors
11384 Links Drive
Reston, VA 20190
13722